Pleading and practice; rehearing or reconsideration; inapplicability of subsequent Supreme Court decision.—On June 13, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Cowen, Senior Judge, and Nichols, Judge.
Plaintiff moves the court for rehearing or reconsideration of its decision in this case of October 22, 1975, 207 Ct. Cl. 701, 524 F.2d 1206, on the ground that the decision of the Supreme Court in Kaiser Aetna v. United States, 444 U.S. 164 (1979), "has completely undermined the basis for this Court’s ruling, which was directed to Count I of the petition.”[1]
We deny the motion for rehearing or reconsideration because we do not view the Kaiser Aetna decision as affecting our earlier ruling of October 22, 1975. The Supreme Court’s case involved Kuapa Pond, a shallow privately-owned lagoon separated by a barrier from navigable waters, which was later developed by the owners and made accessible to navigable water by a lawful, man-made breach in the barrier. In holding that the Federal Government could not open the Pond to the public (after it had been made freely accessible by Kaiser Aetna et al. to navigable waters) without paying just compensation, the Supreme Court discussed prior cases involving "fast lands”, and analogized the interest of Kaiser Aetna et al in the developed Pond "to that of owners of fast land adjacent to navigable water.” But the Court did not reconsider, change, or modify the pre-existing law as to submerged land beneath concededly navigable waters or the use of such submerged land in connection with an exercise of the *691 navigation servitude. Indeed, the Court quoted, at length and without any sign of disapproval, from Scranton v. Wheeler, 179 U.S. 141, 163 (1900), that "Whatever the nature of the interest of a riparian owner in the submerged lands in front of his upland bordering on a public navigable water, his title is not as full and complete as his title to fast land which has no direct connection with the navigation of such water. It is a qualified title, a bare technical title, not at his absolute disposal, as is his upland, but to be held at all times subordinate to such use of the submerged lands and of the waters flowing over them as may be consistent with or demanded by the public right of navigation.”
Our decision of October 22, 1975, supra, dealt only with minerals in submerged lands beneath navigable waters, waters which were plainly subject to the navigation servitude;[2] the minerals involved were used for a levee project which was itself covered by that servitude, or the minerals could not be used by plaintiff without interfering with the project. In holding that plaintiff was not entitled to compensation for the minerals, we relied on decisions of the Supreme Court and of this court laying down the same principle as stated in the quotation from Scranton v. Wheeler which the Supreme Court included in its Kaiser Aetna opinion.
Accordingly, the motion for rehearing or reconsideration of the court’s decision on Count I is denied.

 Plaintiffs motion is timely under Rule 151 because, by order of November 26, 1975, the court extended plaintiffs time for filing a petition for rehearing "until thirty (30) days after the court finally disposes of Count II of the petition.” Count II has not yet been disposed of.

 We said in our decision (207 Ct. Cl. at 708, 524 F 2d at 1209) that "Plaintiff has admitted in answer to defendant’s interrogatories that all the minerals about which it complains (in this part of its petition) were located beneath ordinary high water ’’ There may be some attempt in the present motion for rehearing or reconsideration to retreat from that position, but if so that change comes too late